FILED
in the Middle District of
North Carolina

12/06/2021

Clerk, US District Court
By:      DB

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

### SCHEDULING ORDER
### Governing the February 2022 Criminal Term

The COVID-19 pandemic continues to disrupt normal court procedures and schedules. Until public health conditions improve sufficiently and as long as authorized, video (or if necessary, telephonic) conference hearings will be preferred for non-jury matters when the Defendant consents. If such conferencing capacity is not available or appropriate, appearances may occur in person or the case may be continued. To facilitate scheduling, readiness, and safer court operations, all counsel and parties are **ORDERED** to comply with the following procedures for the Criminal Term.

### ARRAIGNMENTS

All arraignments will be conducted by Magistrate Judges unless a Defendant intends to plead guilty at arraignment, in which case defense counsel shall notify the Magistrate Judge's case manager so that the arraignment can be scheduled before the District Judge. Defendants may waive appearance or appear by video, pursuant to Federal Rule of Criminal Procedure 10. A waiver of appearance at arraignment must be signed by both the Defendant and defense counsel; while the Defendant will be excused from appearing, defense counsel must still appear for the arraignment either in person or by video or telephone if arranged with the case manager. Magistrate Judges will entertain requests for continuances at arraignment upon a showing sufficient for Speedy Trial purposes.

### DUE PROCESS PROTECTION ACT

Pursuant to the Due Process Protection Act of 2020, the Court confirms the disclosure obligations of the Government under Brady v. Maryland, 373 U.S. 83, 87 (1963), and its progeny, specifically that the Government has a constitutional duty to disclose material evidence that is favorable to the Defendant, including evidence that would tend to impeach the credibility of prosecution witnesses. See Kyles v. Whitley, 514 U.S. 419, 432–433 (1995); Giglio v. United States, 405 U.S. 150, 153–155 (1972); Brady, 373 U.S. at 87. The Government is ordered to comply with these obligations. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

### MOTIONS

All motions except motions to continue must be filed on or before **Monday, January 24, 2022**; responses must be filed on or before **Monday, January 31, 2022**. Briefs shall address whether a hearing is needed and whether witnesses will be called. If a motion becomes moot, counsel for the moving party must timely withdraw the motion.

Motions to continue shall be filed as soon as it becomes apparent a continuance is needed, and in any event no later than the first day of the term, **Monday, February 7, 2022**. The motion shall include the position

of opposing counsel and propose a realistic date when the case will be ready. When the Defendant moves to continue based on outstanding discovery issues, the Government must file a response **within 48 hours**.

## GUILTY PLEAS

If the Government intends to make a written plea offer, it shall do so promptly.

**For Defendants who plan to plead guilty with a written plea agreement**, counsel shall make all reasonable efforts to file signed plea agreements no later than noon, **Thursday, February 3, 2022.**

**For Defendants who intend to plead guilty without a written plea agreement**, all promises and agreements must be disclosed in open court on the record, including any understanding with or a representation from the United States, whether explicit or implicit, that the Defendant has timely notified the Government of his or her intention to plead guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government to allocate its resources efficiently, all within the meaning of U.S.S.G. § 3E1.1(b). In the absence of any such disclosure, the court will assume that no such understanding or agreement between the Defendant and the United States exists; however, regardless of the status of any such agreement or understanding at the time of the Defendant's guilty plea, the Government remains free to move for a reduction pursuant to U.S.S.G. § 3E1.1(b).

**If a Defendant is pleading guilty without a written plea agreement and the indictment contains provisions providing notice to the Defendant that the Government will seek forfeiture of property as part of any sentence**, the Government shall seek to resolve the forfeiture allegation by consent and shall present either a pleading specifying Defendant's consent to forfeiture or a motion for order of forfeiture setting forth the specific property or money judgment pursuant to Fed. R. Crim. P. 32.2 at the time of the guilty plea. If all property subject to forfeiture cannot be determined at the time of the guilty plea, the Government shall so notify the court. If the parties do not advise the court of the Defendant's position on forfeiture at the time of a guilty plea, the court will not independently address forfeiture on its own motion. Should the Government fail to move for forfeiture or file a notice of Defendant's consent to forfeiture prior to the close of the Criminal Term of Court at which the Defendant entered the guilty plea, the court may find that a request for the forfeiture of property as an element of punishment has been waived.

## STATUS REPORTS

In each case, counsel for the Defendant and counsel for the Government shall confer and no later than **Noon, Wednesday, February 2, 2022,** shall file a joint status report (see Attachment). The parties may use the attached form or may provide the information in any other appropriate format. This requirement applies to **all cases set for the Criminal Term**, including cases continued from previous terms where joint status reports were previously filed and cases where a superseding indictment has recently been returned. If a Defendant has previously waived counsel and is representing himself or herself, he or she shall file a status report and the Government shall file a separate status report.

Case 1:21-cr-00418-WO   Document 9   Filed 01/05/22   Page 2 of 5

## SCHEDULING

The first week of the Criminal Term is reserved for non-jury matters. Non-jury matters will also be heard later in the term as required to complete court business. Defense counsel shall timely notify the U.S. Attorney's Office of any scheduling conflicts. When a Defendant consents and where permitted by law, non-jury, non-evidentiary matters may be heard via video-conference. Otherwise, and subject to pandemic-related public health conditions, the court may conduct hearings and trials in-person. Other judges may handle some non-jury hearings or trials.

## NOT GUILTY PLEA (JURY TRIAL)

If the public health allows, trials will begin on **Monday February 14, 2022**. Any case ready for trial will be set for pretrial conference at least three days before the trial begins. Trial briefs and proposed jury instructions are due no later than 12:00 noon on **Friday, February 11, 2022,** and shall identify and address all evidentiary issues expected to be in dispute. **Counsel shall consult and endeavor to file one (1) set of agreed upon jury instructions to the extent practicable and may file competing jury instructions where there is disagreement. An electronic Word version of the jury instructions shall be emailed to the CM/ECF mailbox of the assigned Judge.**

This the 6th day of December, 2021.

_____
United States District Judge

- 3 -

Case 1:21-cr-00418-WO   Document 9   Filed 01/05/22   Page 3 of 5

ATTACHMENT

UNITED STATES v. [Insert Defendant's name]       __CR_____

## JOINT STATUS REPORT

Pursuant to the applicable Scheduling Order, counsel for the Defendant and counsel for the Government inform the Court as follows:

[ ]     A plea agreement has been signed and filed

[ ]     The parties have agreed on a plea agreement and a written plea agreement will be filed no later than _____

[ ]     The Defendant intends to plead guilty without a written plea agreement.

*If any of the above three boxes is checked, check at least one box below:*

    [ ]     the Defendant consents to a video conference Rule 11 hearing.

    [ ]     the Defendant is or will be ready to proceed with a Rule 11 hearing as soon as an in-person hearing can be scheduled.

[ ]     The matter is not ready for Rule 11 hearing or trial because:

    [ ]     there is a pending motion which must be resolved. The motion is on the docket at Doc. _____.

        The motion [ ] does   [ ] does not
        require a hearing at which the Defendant must be present.

    [ ]     There are outstanding discovery issues which must be resolved

[ ]     The Defendant does not intend to plead guilty and the case needs to be set for jury trial.

    [ ]     The parties shall detail below the estimated length of trial, number of witnesses anticipated, and any anticipated issues the court should address by pretrial conference. If it is not feasible to try the case for reasons related to the pandemic, one or both of the parties shall move for a continuance and suggest a term when it may be feasible.

[ ]     The parties have discussed the requirements of the Speedy Trial Act and

    [ ]     The Government [ ] has filed  [ ] intends to file a motion to exclude time from Speedy Trial Act calculations, to which the Defendant will not or does not object.

    [ ]     There are no Speedy Trial Act issues unless the expected Rule 11 hearing cannot be completed before _____, 2021.

[ ]     Other information relevant to scheduling: _____

[ ]     If the parties agree on a scheduling or case management plan, provide the agreement here or in an attachment, with any explanation needed as to its propriety: _____.

This ___ day of _____, 2021.


_____        _____
Name                                Name
Counsel for the Defendant           Counsel for the Government