IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | 1:21CR418-1 |
| | : | |
| RASHAWN ERIC MCEACHERN | : | |

UNOPPOSED MOTION TO EXTEND FILING DATE FOR RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and files this unopposed motion to extend the filing date for the response to defendant's motion to suppress (Dkt. # 22) in the above-captioned matter, 11 days from the currently scheduled filing date, stating as follows:

1. On December 13, 2021, a Grand Jury indicted Rashawn Eric McEachern ("McEachern") on one count of receipt of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) and one count of possession of child pornography involving a prepubescent minor and minor under the age of twelve, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). (Dkt. #1).

1

2. This case involves a Internet-based peer-to-peer network, "the Network." (*See* Dkt. #22 at 2, #22-1, Exh. A). Through the investigation and use of certain methodology, law enforcement determined that Internet Protocol ("IP") address 71.71.101.240 had a high probability of being the original requester of child pornography files. (Dkt. #22-1, Exh. A, at 4-11). The IP address was later connected to a specific address in Alamance County, North Carolina, where McEachern lived. (*Id.* at 11). The investigator applied for a search warrant for the address based on the investigation. (*See* Dkt. #22-1, Exh. A.). A North Carolina Superior Court Judge issued a search warrant for the residence and devices at the residence where McEachern lived. (*See id.*). As a result of the search, child pornography was located on McEachern's devices and he was indicted on the instant federal charges.

3. On January 5, 2022, McEachern was arraigned on the charges and the matter was placed on the February trial term. (Dkt. #9). After two continuances, the matter was eventually set for the April trial term. (*See* Dkt. ## 13, 30).

4. According to the scheduling order for the April 2022 criminal term, motions were due on or before Monday, March 21, 2022 and responses to motions are due Monday, March 28, 2022.

5. On Monday March 21, 2022, defendant filed a motion to suppress alleging in part, that the algorithm and methods used by law enforcement to identify the most likely IP address used to request child pornography files on the Network are arbitrary and unreliable. (Dkt. #22 at 2-3). The defendant, therefore, argues that there was no probable cause to search the residence and devices associated with the IP address, as the methodology used did not accurately identify the IP address. (*See* Dkt. #22).

6. By reason and belief, this is a matter of first impression in the Middle District of North Carolina.

7. In support of McEachern's motion to suppress, counsel for the defendant included a peer-reviewed paper that explains the investigative method of determining the downloader/requestor of child pornography files on the Network. (*See* Dkt. #22-3). One of the authors of this study is Dr. Brian Levine, a professor and the director of the Cybersecurity Institute at the University of Massachusetts Amherst. (*See id.*; https://www.cics.umass.edu/faculty/directory/levine_brian, last accessed March 23, 2022).

8. Shortly after receiving notice of McEachern's motion to suppress through the filing, the undersigned attempted to contact Dr. Levine as a

3

potential expert witness to address the methodology at issue in the defendant's motion to suppress.

9. On the afternoon of March 22, 2022, Dr. Levine called the undersigned and agreed to provide information relevant to the government's response to the motion to suppress relating to the methodology used in this matter and to be an expert witness if needed.

10. Given the nature of the objections, the complexity of the issues, and the professional and other court obligations of Dr. Levine that limit his availability to the undersigned, the government requests an extension of 11 days to file its response to McEachern's motion to suppress.

11. The government has consulted with counsel for the defendant who does not object to the extension of the response deadline. Counsel for the defendant has also indicated that the Motion to Suppress will likely be dispositive of the matter.

WHEREFORE, the United States hereby moves this Court to extend the filing date for government's response to the defendant's motion to suppress 11 days to Friday, April 8, 2022, for good cause shown.

This the 23rd day of March, 2022.

        Respectfully submitted,

        SANDRA J. HAIRSTON
        UNITED STATES ATTORNEY


        /S/ K. P. KENNEDY GATES
        Assistant United States Attorney
        NCSB #41259
        United States Attorney's Office
        Middle District of North Carolina
        101 S. Edgeworth St., 4th Floor
        Greensboro, NC  27401
        Phone:  336/333-5351

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Helen Parsonage, Esq.

Respectfully submitted,

SANDRA J. HAIRSTON
UNITED STATES ATTORNEY


/S/ K. P. KENNEDY GATES
Assistant United States Attorney
NCSB #41259
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
Phone: 336/333-5351

6